**TEXAS HOTEL CO. OF LONGVIEW v. WIER et al.**

No. 3260.

Court of Civil Appeals of Texas. Beaumont.

April 25, 1938.

Rehearing Denied May 25, 1938.

Touchstone, Wight, Gormley & Price, of Dallas, and Wynne & Wynne, of Longview, for plaintiff in error.

Bryan Blalock, Emmett Shelton, and Everett L. Looney, all of Austin, for defendants in error.

O'QUINN, Justice.

We shall refer to the parties as appellant and appellee.

Appellee, Wier, sued the National Hotel Company, and appellant, Texas Hotel Company of Longview, both Texas corporations, to recover damages occasioned by a fire in the Longview Hotel Company's building. An instructed verdict took the National Hotel Company out of the case. No complaint is made of this action of the court. Trial to a jury resulted in a judgment in favor of appellee Wier in the sum of $11,755.00. This appeal is from that judgment.

Appellee, plaintiff below, alleged, in substance, that on and prior to March 3, 1934, he was a paying guest in Hotel Longview, which was owned and operated by appellant, Texas Hotel Company of Longview; that on said date he occupied a room on the third floor of said building, and that during the late hours of the night of said day a fire started in the building by reason of which he was injured through the negligence of appellant in that appellant negligently failed to provide and maintain proper outside exits, fire escapes and equipment required by law. That said hotel had a lot area of more than 5,000 square feet, and appellant neglected to and did not provide an additional fire escape for each 5,000 square feet of such excess, or fraction thereof which said fraction exceeded 2,000 square feet. That appellant failed after the fire was discovered to give proper alarm to the guests of said hotel. That appellee was in his room and with proper notice could have gotten out of his room safely, but that the fire had so progressed that

when he discovered same he could not escape other than by jumping out of a window landing on concrete pavement by which he was seriously injured. That there were only two fires escapes both situated at the north or farthest end of the hotel from the room in which he lodged, and that under the law there should have been three fire escapes one of which should have been situated at the south end of the hall on which his room opened.

Appellee's cause of action was a statutory one based upon article 3956, R.S. 1925, which reads:

"Art. 3956. *Hotels, Theaters, etc.*

"For each hospital, seminary, college, academy, school house, dormitory, hotel, lodging house, apartment house, rooming house, boarding house, house for the accommodation of transient guests, lodge hall, theater, public place of amusement, or hall or place used for public gatherings, having a lot area in excess of five thousand square feet, there shall be provided one additional adequate fire escape for each five thousand square feet of such excess or fraction thereof if such fraction exceeds two thousand square feet."

Article 3964 provides: "All such fire escapes shall, consistent with accessibility, be located as far as possible from stairways, elevator hatchways and other openings in the floors, and where possible, they shall be located at the ends of hallways or corridors or unobstructed passageways, and as far as is consistent with the construction and location of the building."

As we view the record, there is but one question in the case. Should appellant have had a third fire escape? The answer to this is the lot area of the hotel building. Appellant insists that the two fire escapes fully meet the requirements of the law. That the lot area of the hotel covered less than 12,000 square feet. Appellee says that the lot area was more than 12,000 square feet—in fact 12,175 square feet, and therefore the law required three fire escapes. The jury found the lot area to be 12,175 square feet. The building was quadrilateral in shape, but no two opposite sides were equal. It faced south on a paved street and extended back north. According to a rough plat or sketch made by Ben E. Ramsey, a witness for appellee, the south line was 141 feet long, the north line 128 feet, the west line 120 feet, and the east line 128 feet. Mr. Ramsey, in calculating the area merely averaged the length and width by adding the north and south lines and dividing by two, and the same for the east and west lines, and then multiplying the average sides obtaining 15,872 square feet. And to this he added the area of an extension which was 13 feet by 30.5 feet, amounting to 396 square feet, aggregating 16,268 square feet. From this he took 4,093 square feet which was the area of a patio or inside court or drive, which was not a perfect quadrilateral, but, like the hotel building space, had no two sides equal. It measured, according to his figures, south side 41 feet, north side 60 feet, west side 61 feet and east side 64 feet. He obtained the area by adding opposite sides and dividing by two, multiplying the averages, as he did in the hotel coverage. This resulted as he calculated in 12,175 square feet in the lot area. It is a matter of common knowledge that the average method of computing the area of such quadrilaterals is not mathematically correct and that such method gives a larger than the true content. To get the correct content the computation must be made by angles and sides. And, too, going to the accuracy of Ramsey's calculations he admitted that he did not have the plans and specifications by which the hotel was constructed, and that he, on the morning of the day the trial of the case began, some two years after the building had burned, merely inspected the cement foundations of the building and made his measurements by them. He knew nothing of the out-jutting or inside recessions, if any, of the actual walls of the building as compared with the foundations upon which the building was erected.

Mr. D. E. Humphrey, a witness for appellant, testified that he was the contractor who built the hotel; that he had the plans and specifications by which the building was erected, and that it was built according to same. These plans and specifications were in evidence. He calculated the lot area covered by the hotel building, according to the actual lines and angles shown by the plans and specifications, and it gave the coverage as 10,988 square feet. This was not disputed except by the testimony of the witness Ramsey heretofore mentioned. The calculations of Ramsey not being in accordance with the universally recognized and mathematically correct rule, cannot support the finding of the jury that the hotel area was more than

12,000 square feet. The correct coverage of the area being 10,988 square feet, the appellant was not required to have but two fire escapes, which it did have.. The judgment, under the law, is without support in the evidence.

From what we have said it follows that the judgment should be reversed and here rendered for appellant, and it is so ordered.

Reversed and rendered.